IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.: |
| vs. | § § | 2:19-cv-00186 |
| MARSHALL SNF LLC d/b/a MARSHALL MANOR WEST, | § § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("**Plaintiff**"), seeking relief against MARSHALL SNF LLC d/b/a MARSHALL MANOR WEST ("**Defendant**"), as follows:

### PARTIES

1. Plaintiff is a private, non-profit Minnesota corporation and guaranty agency and, pursuant to 20 U.S.C. § 1095a and 34 C.F.R. § 682.410 (b)(9), has the authority to pursue this lawsuit.

2. Defendant is a Texas limited liability company, registered to do business in Texas and may be served with process through its registered agent, Linda Benson at 1006 S. Washington Ave. Marshall, Texas 75670.

### JURISDICTION

3. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331, as a civil action arising under 20 U.S.C. § 1095a(a)(6) and 34 C.F.R. § 682.410(b)(9)(i)(P).

## VENUE

4. Because the Defendant is a business residing in Harrison County, Texas, venue for this action is proper in the Eastern District of Texas, pursuant to 28 U.S.C. § 1391(c).

## FACTUAL ALLEGATIONS

5. Under Title IV, Part B, of the Higher Education Act of 1965 (HEA), Congress enacted a program in which the federal government encouraged the making of loans by private lenders to finance eligible students' post-secondary education. *See* 20 U.S.C. §§ 1071(a), 1085(d). The federal government encourages the making of these loans by having the U.S. Secretary of Education pay part of the student's interest and costs and guaranteeing repayment of the loan if the student defaults. *See* 20 U.S.C. § 1078(a),(c). This program is presently known as the Federal Family Education Loan Program (FFELP).

6. To assist the Secretary in implementing and operating the FFELP, the HEA provides that the Secretary may enter into agreements with guaranty agencies. *See* 20 U.S.C. §1085(j). A guaranty agency guarantees payment of a loan made by an eligible lender and pays the holder of the loan if the student defaults. The Secretary thereafter reimburses the guaranty agency for all or part of these payments under a re-insurance agreement with the agency. *See* 20 U.S.C. § 1078(c). Guaranty agencies also receive funds to administer the FFELP on behalf of the Secretary, including collecting defaulted student loans for which the guaranty agency has paid the holder and received reimbursement from the Secretary. *See* 20 U.S.C. § 1078(c)(2). When a guaranty agency collects money on a defaulted student loan, it sends the majority of the money to the Secretary and retains a portion to defray costs of collection. *See* 20 U.S.C. § 1078(c)(2)(D).

7. To assist the Secretary and the guaranty agencies in collecting defaulted student loans, Congress gave guaranty agencies the authority to administratively issue orders to defaulted

borrowers' employers requiring them to withhold up to fifteen percent (15%) of the disposable income of these borrowers. *See* 20 U.S.C. § 1095a. This section explicitly preempts state laws and sets forth procedures for providing students with due process, including prior notice of the agency's intent to withhold, a hearing if requested, and the issuance of a Withholding Order. *See* 20 U.S.C. § 1095a(a), (b); 34 C.F.R. § 682.410(b)(9). This section also provides that guaranty agencies may sue employers who do not deduct and pay over as directed in the Withholding Order. *See* 20 U.S.C. § 1095(a)(6); 34 C.F.R. § 682.410(b)(9)(i)(P).

8. Plaintiff is a guaranty agency under the FFELP.

9. Emma Phillips ("**Borrower**") owes a student loan debt to Plaintiff that is in default.

10. Borrower is employed by the Defendant.

11. As Borrower's employer, Defendant pays wages to Borrower.

12. On February 7, 2017, Plaintiff served Borrower with the required thirty (30) day Notice Prior To Wage Withholding. A true and correct copy of the Notice is attached as **Exhibit A.**

13. Because no hearing was requested under 20 U.S.C. § 1095a(a)(5)(b), Plaintiff issued a Withholding Order to Marshaee Manor Nursing Home (sic) ("**Marshall Manor Nursing Home**") on March 14, 2017. A true and correct copy of the Withholding Order is attached as **Exhibit B.**

14. Plaintiff was then informed by Marshall Manor Nursing Home that Borrower was employed by Defendant. *See* the highlighted portions of the Collectors Notes, a true and correct copy of which are attached hereto as **Exhibit C**. Plaintiff was told that Defendant was owned by the same parent company as Marshall Manor Nursing Home. *Id.* On June 16, 2017, Plaintiff was told that Marshall Manor Nursing Home faxed the Withholding Order to Defendant. *Id.* Defendant

then acknowledged the Withholding Order and informed Plaintiff that the Order will be forwarded to corporate and Defendant will comply. Defendant began to comply.

15. Following a payment on July 17, 2018, Defendant stopped complying with the Withholding Order without any explanation.

16. No representative or officer of the Defendant contacted Plaintiff regarding the Withholding Order, and Defendant did not further remit any of the Borrower's wages in accordance with the Withholding Order. Therefore, Plaintiff mailed Defendant a Second Notice of Employer Non-Compliance on September 2, 2018, requesting compliance with the Withholding Order. A true and correct copy of the Second Notice is attached as **Exhibit D.** Plaintiff subsequently spoke with Defendant on October 17, 2018 requesting compliance to the Withholding Order.

17. On October 30, 2018, Plaintiff sent Defendant a demand letter further requesting compliance with the Withholding Order. A true and correct copy of the letter is attached as **Exhibit E.** This letter was inadvertently mailed to one of Defendant's affiliates.

18. It was not until March 25, 2019, that Defendant resumed compliance with the Withholding Order.

19. While Defendant has made attempts to start complying with the Withholding Order, it still has refused to remit the back-wages Plaintiff is entitled to receive as well as Plaintiff's attorney's fees and costs.

20. Plaintiff seeks to have Defendant remit the $2,240.00 in back-wages Defendant failed to withhold from Borrower.

21. Plaintiff seeks to recover of and from Defendant, reasonable attorney's fees, interest, as allowed by law, and cost of court incurred pursuing this matter.

## **FIRST CAUSE OF ACTION: VIOLATION OF 20 U.S.C. § 1095a**

22. Based on the foregoing, Defendant is in violation of 20 U.S.C. § 1095a, which provides that guaranty agencies, such as Plaintiff, may administratively garnish up to fifteen percent (15%) of the disposable earnings of defaulted student loan borrowers by issuing a Withholding Order to the borrower's employer.

23. Because Defendant has failed to comply with the Withholding Order, Defendant, pursuant to 20 U.S.C. § 1095a(a)(6), is liable for any and all amounts it failed to withhold following receipt of the Withholding Order.

24. The amount due to Plaintiff is fifteen percent (15%) of Borrower's disposable earnings, or such lesser amount, as required by 15 U.S.C. § 1673, from the date of Defendant's receipt of the Withholding Order to the date Borrower ceases to be employed by Defendant or the date this court enters judgment.

25. Pursuant to 20 U.S.C. § 1095a(a)(6), Plaintiff is entitled to its' attorneys' fees and costs associated with pursuing this action and, in the court's discretion, punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court grant Plaintiff:

1. Damages in the amount that Defendant should have withheld from Borrower's wages;
2. Attorneys' fees and costs;
3. Punitive damages;
4. Pre and post-judgment interest on this amount, as allowed by law; and,
5. Such other relief as the Court deems appropriate.

Dated: May 23, 2019.  AKERLY LAW PLLC

By: */s/* Bruce W. Akerly
Bruce W. Akerly
Texas Bar No. 00953200

878 S. Denton Tap Road, Suite 100
Coppell, Texas 75019
(469) 444-1864 Direct
(469) 444-1878 Main
bakerly@akerlylaw.com

ATTORNEY FOR EDUCATIONAL
CREDIT MANAGEMENT
CORPORATION